UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. SCHER,<br>           Plaintiff,<br>vs.<br>CITY OF LAS VEGAS, NV, *et al.*,<br>           Defendants. | Case No.  2:14-cv-02105-APG-CWH<br>**ORDER** |

This matter is before the Court on Defendants' Motion to Stay Discovery (doc. # 17), filed April 23, 2015, and Plaintiff's response (doc. # 18), filed April 29, 2015.  Defendants did not file a reply.

Defendants move to stay discovery in the instant case, claiming a stay is warranted because Defendants have a pending motion to dismiss in which Defendants ask the Court to dismiss the instant case due to insufficient service of process.  Defendants add that no factual issues are raised in that motion, and they are likely to prevail.

Plaintiff, in response, asks the Court to deny Defendants' motion to stay because service was properly executed in the instant case.  Defendants did not file a reply.

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. See e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Landis v. North American Co., 299 U.S. 248, 254 (1936).  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254.  In exercising its discretion,

the court must consider factors like, "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976).

An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997).[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. See Tradebay, 278 F.R.D. at 603; see also Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." Tradebay, 278 F.R.D. at 601 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)). Moreover, a court should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay... will work damage to someone else." Dependable Highway Express, Inc. v. Navigators Insurance Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Therefore, the court must balance the competing interests affected by a stay such as, the "hardship or inequity which a party may suffer in being required to go forward." Lockyer v. State of California, 398 F.3d 1098, 1110 (9th Cir. 2005).

A review of the record reveals that Defendants are correct and service of process is insufficient in the instant case. As such, the Court finds that Defendants have made the strong showing necessary to support a stay of discovery, which would promote efficiency and justice in the instant case.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay (doc. # 17) is **granted**.

DATED: May 26, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[1] As noted in Tradebay, LLC v. eBay, Inc., "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. 597, 603 (D. Nev. 2011).

2