# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL C. SCHER, | Case No. 2:14-cv-02105-APG-CWH |
| Plaintiff, | |
| v. | **ORDER (1) GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS IN PART AND (2) DENYING MOTION FOR SUMMARY JUDGMENT** |
| CITY OF LAS VEGAS, NV; CAROLYN GOODMAN; BRAD JERBIC; CYNTHIA LEUNG; and MATHEW WALKER, | |
| | (ECF Nos. 40, 41) |
| Defendants. | |

Plaintiff Michael C. Scher was issued a misdemeanor traffic citation for running a stop sign, to which he pleaded not guilty. Scher alleges that at his pretrial hearing, he was not allowed to present a defense or serve interrogatories on the prosecutor. On the day scheduled for trial, Scher paid a reduced bail, the charges were dropped, and the case was dismissed. But Scher contends that his plea was changed without his knowledge or consent. Scher brought this action against the judge, prosecutor, city attorney, mayor, and City of Las Vegas pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

The defendants move for judgment on the pleadings, arguing that Scher's claims fail as a matter of law. Scher opposes and moves for summary judgment. The defendants argue first that there was no violation of Scher's constitutional rights, so all of his claims must fail as a matter of law. In addition, the defendants argue that all of the individual defendants are immune from liability. The defendants also argue that Scher has not alleged a basis for liability under § 1983 for the city, the city attorney, or the mayor. Finally, the defendants argue that Scher has not alleged a basis for liability under § 1985.

I grant the defendants' motion in part but allow Scher to amend some of his claims. The judge and prosecutor have absolute immunity for their actions at issue in this case, so I grant the

defendants' motion as to those defendants. With respect to claims regarding the pretrial hearing, there was no violation of Scher's federally protected rights, as he was not entitled to a preliminary examination. I therefore grant the defendants' motion on the claims arising out of the alleged denial of a preliminary examination.

It is possible that changing Scher's plea without his consent is a violation of his right to due process. But, as currently drafted, the complaint does not sufficiently allege a city policy or custom of changing pleas or that the city attorney or mayor were personally involved in the alleged misconduct such that the City, city attorney, or mayor could be liable under § 1983. Additionally, the complaint does not state a basis for liability under § 1985, as Scher has not alleged that he is a member of a protected class who was deprived of a right because of discriminatory animus. However, because Scher may be able to allege facts in support of these claims, I grant leave to amend. Finally, because I grant the defendants' motion in part, I deny Scher's motion for summary judgment.

I. **BACKGROUND**

Plaintiff Michael Scher was issued a misdemeanor traffic citation for running a stop sign. ECF No. 1 at 17. At his arraignment, he pleaded not guilty. *Id*. At Scher's pretrial hearing in Las Vegas Municipal Court, he began presenting his defense, at which point the prosecutor (defendant Mathew Walker) objected. *Id*. at 2. The municipal court judge, defendant Cynthia Leung, stopped Scher and set a trial date. *Id*. Scher attempted to present Walker with a set of interrogatories, which Walker refused to take. *Id.* at 5.

Before trial, Scher filed several motions to dismiss. *Id.* at 3, 17. Judge Leung took no action on the motions. *Id.* at 5. Scher alleges that on the trial date, his plea of not guilty was changed "without his knowledge or consent." *Id.* at 3. He had agreed to a settlement that included the dismissal of the case. *Id.* But the court docket states the not guilty plea was withdrawn, a plea of "submit" was entered, a reduced bail was paid, and the charge was dismissed. *See id.* at 19.

On December 12, 2014, Scher commenced this action against the City of Las Vegas, Walker, Leung, city attorney Brad Jerbic, and Las Vegas mayor Carolyn Goodman. He alleges that denying him the ability to present a defense or serve interrogatories on the prosecutor at the pretrial hearing, and the judge's failure to act on his motions to dismiss, violated his rights to equal protection and due process. He further alleges that the change of his plea from not guilty to "submit" without his knowledge or consent violated his right to due process. Finally, Scher alleges that the defendants engaged in a conspiracy to deprive him of equal protection of the laws in violation of 42 U.S.C. § 1985(3).

## II. ANALYSIS

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005) (quotation omitted). A Rule 12(c) motion is the functional equivalent of a Rule 12(b)(6) motion. *See Harris v. Orange Cty.*, 682 F.3d 1126, 1131 (9th Cir. 2012). Consequently, I must determine whether the complaint contains "sufficient factual matter . . . to state a claim of relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### A. Defendant Leung

A judge has absolute immunity for her judicial acts, even if in excess of her authority or alleged to have been done maliciously or corruptly, as long as she had "jurisdiction over the subject matter before" her. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *see also Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Only if a judge acts in the "clear absence of jurisdiction" will she lose absolute immunity. *Stump*, 435 U.S. at 356–57.

Scher's allegations against Judge Leung arise only out of her judicial acts regarding his case. He alleges that Judge Leung violated his Fourteenth Amendment rights to equal protection and due process by not allowing him to present a defense at his pretrial hearing, "fail[ing] to immediately dismiss [the] case," and changing his plea without his permission. *See* ECF No. 1 at 2–3. Furthermore, he alleges that the judge was a part of a conspiracy to deprive him of equal

protection by not dismissing the case on his motions and dismissing the case after the plea change. *Id.* at 4. Even accepting Scher's allegations as true, Judge Leung had subject matter jurisdiction over his misdemeanor traffic trial. *See* Nev. Rev. Stat. § 5.050. As Judge Leung was not acting in the clear absence of jurisdiction, she is entitled to absolute immunity, so I grant the defendants' motion with respect to all claims against her. Amendment would be futile, so I deny leave to amend as to defendant Leung. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend.").

### B. Defendant Walker

Prosecutors have absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Absolute immunity may not apply when a prosecutor is engaged in investigative or administrative tasks, as opposed to when he is acting as an "officer of the court." *See Van De Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (quoting *Imbler*, 424 U.S. at 431 n.33); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009). Initiating a prosecution and presenting the government's case are acts entitled to absolute immunity as they involve the prosecutor's role as an "advocate of the State." *Imbler*, 424 U.S. at 431 n.33. This is also the case for "pretrial court appearances by the prosecutor in support of taking criminal action against a suspect." *Burns v. Reed*, 500 U.S. 478, 492 (1991).

Scher's allegations against Walker concern his prosecution of the case (his objection to extended pretrial proceedings and refusal to accept interrogatories). These actions fall within Walker's role as an advocate for the state "rather than his role as 'administrator or investigative officer.'" *Id.* at 491 (quoting *Imbler*, 424 U.S. at 430–31). Therefore, Walker has absolute immunity with regard to Scher's claims, and I grant the defendants' motion with respect to all claims against him. Amendment would be futile, so I deny leave to amend as to defendant Walker. *See Nunes*, 375 F.3d at 808.

///

///

**C. Claims arising from the pretrial hearing**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).[1] The Constitution and laws of the United States do not guarantee state court defendants the right to a preliminary hearing "to determine whether a case should proceed to trial." *Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010); *Ramirez v. Arizona*, 437 F.2d 119, 119–120 (9th Cir. 1971). Furthermore, for simple misdemeanor cases (as opposed to gross misdemeanors or felonies), Nevada law does not provide for a preliminary examination. *See Baron v. Ninth Judicial Dist. Court*, 600 P.2d 1192, 1193 (Nev. 1979) (citing Nev. Rev. Stat. § 171.202 (providing that the district attorney "shall be present at and conduct the prosecution of all preliminary examinations where a felony or gross misdemeanor is charged")).

Scher was not entitled to a preliminary examination at his pretrial hearing, and any alleged deprivation with respect to that hearing would not be a violation of his right to due process. I therefore grant the defendants' motion with respect to all claims arising out of the alleged denial of a pretrial hearing. Amendment would be futile, so I deny leave to amend as to constitutional claims based on the alleged denial of a preliminary examination. *See Nunes*, 375 F.3d at 808.

**D. Section 1983 claims against Jerbic and Goodman related to the change of plea**

To be liable under § 1983, a defendant must have personally participated in the alleged misconduct. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no *respondeat superior* liability under section 1983." *Id.* Thus, a supervisor cannot be liable merely because a subordinate engaged in illegal behavior. Rather, "[a] supervisor is liable under § 1983 for a subordinate's constitutional violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting *Taylor*, 880 F.2d at 1045).

---

[1] It is undisputed that as to the alleged deprivations, defendants Jerbic and Goodman, as city attorney and mayor, would have been acting under color of state law.

Scher has not alleged facts sufficient to show either Jerbic or Goodman was personally involved in the alleged misconduct. According to the complaint, they are liable because they are the "individual[s] most responsible" for the actions of Walker and the City. ECF No. 1 at 3. The complaint does not allege either Jerbic or Goodman was even aware of the changed plea, much less participated in changing it. Scher has not alleged that Jerbic or Goodman personally participated in or directed the alleged misconduct, or knew of it and failed to act to prevent it.

Therefore, I dismiss the claims against Jerbic and Goodman regarding the plea change. However, amendment is not necessarily futile as it may be possible for Scher to plead facts showing personal involvement by these individuals in the change of his plea. I thus grant Scher leave to amend his complaint if such facts exist.

**E. Section 1983 claims against the City regarding the plea change**

A municipality also cannot be held liable under § 1983 under a *respondeat superior* theory. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Rather, for "the government as an entity [to be] responsible under § 1983," the injury must be inflicted by the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694.

Scher has not alleged any facts showing that the change of his plea was undertaken pursuant to a policy or custom of the City. He has not alleged that Leung and Walker were acting pursuant to an existing government policy or custom. Nor has he alleged that they had "final policymaking authority" for the City such that their actions could be considered official City policy. *See McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 784–85 (1997).

Therefore, I dismiss the claims against the City regarding the plea change. However, because amendment is not necessarily futile, I grant Scher leave to amend his complaint if he can plead facts that plausibly allege that the City has a policy or custom of changing pleas without defendants' knowledge or consent.

**F. Section 1985(3) conspiracy claims**

A cause of action for conspiracy under § 1985(3) has four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828–29 (1983). "Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Put another way, plaintiffs under § 1985(3) must "show that they are members of a class that the government has determined 'require[s] and warrant[s] special federal assistance in protecting their rights.'" *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting *Sever*, 978 F.2d at 1536). As to the fourth element, the "deprivation of federal constitutional rights is a necessary element of the alleged conspiracy." *Giannini v. Real*, 911 F.2d 354, 359 (9th Cir. 1990).

Scher alleges that his plea was changed from "not guilty" to "submit" without his knowledge or consent in violation of his Fourteenth Amendment right to due process. However, he has not alleged that he is a member of a protected class such as a racial or political minority, nor has he alleged facts showing that the alleged misconduct was motivated by a class-based, invidiously discriminatory animus. Therefore, I dismiss the claims arising under § 1985(3). However, because amendment is not necessarily futile, I grant Scher leave to amend his complaint if he can properly plead facts giving rise to this cause of action.

### III. <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that the defendants' motion for judgment on the pleadings **(ECF No. 40) is GRANTED IN PART**. Judgment is granted on Scher's claims against defendants Cynthia Leung and Mathew Walker. Judgment is granted on Scher's claims against all defendants based on the alleged denial of a preliminary examination. Scher's claims

against defendants Carolyn Goodman, Brad Jerbic, and the City of Las Vegas based on the alleged change of his plea and under 42 U.S.C. §1985(3) are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff Michael Scher's motion for summary judgment **(ECF No. 41) is DENIED**.

IT IS FURTHER ORDERED that plaintiff Michael Scher may file an amended complaint within 30 days of the date of this order, if sufficient facts exist. Scher is informed that I cannot look to prior pleadings or filings to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading or filing. Failure to file an amended complaint within 30 days will result in this case being closed.

DATED this 20th day of September, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE